Tomas Patrick OLSEN and Mary Piragnoli Olsen, Plaintiffs–Counter–Defendants–Appellants,

v.

Carol SPALLONE, Defendant–Counter–Claimant–Appellee,

John Does 1 through 10, individually; John Does 1 through 10 in their official capacity; Suffolk County Police Department and County of Suffolk, Defendants–Appellees.

Docket No. 00–9590.

United States Court of Appeals, Second Circuit.

May 1, 2002.

Tomas Patrick Olsen and Mary Piragnoli Olsen, pro se, Holbrook, NY, for Appellant.

Robert J. Cimino, Suffolk County Attorney, Arlene S. Zwilling of counsel, Hauppauge, NY, for Appellee.

Present CARDAMONE, McLAUGHLIN and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Tomas Patrick Olsen ("Tomas") and Mary Piragnoli Olsen ("Mary") (collectively, "the Olsens") appeal from a judgment of the United States District Court for the Eastern District of New York entered after the court dismissed all of Mary's claims and the majority of Tomas' claims in response to a motion for judgment as a matter of law and the jury found against Tomas on the remaining claim.

Mary and former defendant Carol Spallone are sisters who enjoy a less than sisterly relationship. Prior to the events under review on this appeal, the Olsens obtained an order of protection against Spallone, and Spallone obtained an order of protection against the Olsens. Mary had power of attorney and a health care proxy for her mother, while Spallone had the same powers for her father, Salvatore Cartacio.

On May 5, 1994, Carol Spallone and officers employed by the Suffolk County Police Department entered Cartacio's home, which Tomas and Mary claim was also their home. The testimony at trial varied as to whether either of the Olsens gave the officers and Spallone permission to enter. During the course of the visit, Spallone took certain papers from a table. Tomas claims that these papers were papers he needed to defend himself against a lawsuit Spallone had brought against him in which she alleged that Tomas defrauded Cartacio by causing him to invest in a fraudulent corporation. Spallone, however, testified that she took only Cartacio's 1988 tax return and a travel brochure.

Cartacio later brought an eviction proceeding against the Olsens, alleging that they entered his home without permission on May 4, 1994. The Olsens ultimately were evicted.

In August 1995, the Olsens filed a civil rights complaint against the Suffolk County Police Department, Suffolk County, Carol Spallone, and several John Does. The Olsens claimed defendants had violated the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Fourth Amendment claim covered both the allegedly illegal entry and the seizure of Tomas' papers. Spallone counterclaimed, but prior to trial, the Olsens and Spallone withdrew their claims against each other.

After both sides rested, the Suffolk County defendants moved to dismiss all of the Olsens' claims. Magistrate Judge Pohorelsky granted the motion except as to Tomas' claim that defendants violated the Fourth Amendment by seizing his papers. The jury ruled against Tomas on the only issue presented to it, the seizure of the papers. In response to a special verdict question, the jury indicated that police officers did not seize or assist in seizing the documents.

On appeal the Olsens argue that (1) the court improperly dismissed their Eighth and Fourth Amendment search claims; (2) the jury charge on the Fourth Amendment seizure claim was overbroad and unclear; (3) the court should not have removed Spallone as a defendant without a hearing; and (4) the court improperly allowed the jury to hear about prior convictions.

We initially dismissed the Olsens' appeal because they had not filed trial transcripts but ordered reinstatement of the appeal upon the filing of transcripts. The Olsens now have filed transcripts, and we consider the merits of their arguments.

■ The court committed no error in dismissing the claims against Spallone since the Olsens stipulated to this relief. Because the Olsens provide no specifics or argument concerning the alleged improper admission of prior convictions, we can find no error. The Fourth Amendment illegal entry claim was properly dismissed because the police entered with the consent of Spallone who held a power of attorney for her father, the lawful occupant of the house. *See United States v. Matlock,* 415 U.S. 164, 171–72, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) (holding that police may rely on "permission to search ... from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected" despite lack of consent by the defendant). Because the Olsens received no punishment as the result of a conviction of a crime, the district court correctly determined that the Eighth Amendment does not apply to their claims. *See Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). The court also correctly dismissed the Olsens' Fifth and Fourteenth Amendment substantive due process claims because these claims addressed conduct covered by the Fourth Amendment, making the Fourth Amendment analysis that the court performed the only appropriate one. *See Lauro v. Charles Marvin,* 219 F.3d 202, 207–08 (2d Cir.2000). Finally, the court's charge on seizure set out the governing law and was neither vague nor confusing.